# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUEEN NAJA, | : | Civil No. 1:20-CV-02027 |
| Appellant, | : | |
| v. | : | |
| UNITED STATES TRUSTEE, | : | |
| Appellee. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an appeal from an order filed by the United States Bankruptcy Court for the Middle District of Pennsylvania dismissing self-represented Appellant Queen Naja's ("Naja") bankruptcy petition.[1]  Before the court are the merits of the appeal and fourteen various motions filed by Naja.  Many of the motions seek to have the court bypass the merits of the appeal and award relief based on the underlying bankruptcy filing.  None of these motions have been briefed by Naja.  Because the court finds Naja's appeal meritless, the court will deny the appeal and affirm the bankruptcy court's order.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 14, 2020, Naja, a self-represented litigant, filed an involuntary Chapter 7 bankruptcy petition on behalf of Royal Heirs Family Trust against alleged debtor Naja Talibah Zahir, listing the alleged debt as unsatisfied

---

[1] The underlying bankruptcy case is located at docket number 1:20-bk-02718.

1

liens in the amount of $250 billion, which the petition indicates is primarily consumer debt. (Doc. 7-2, pp. 1–3.)[2] The petition was signed by "Naja, indenture trustee" on behalf of the petitioner, Royal Heirs Family Trust, and listed an address of 3816 Armory Lane, York, Pennsylvania 17408 for the petitioner, its purported representative, and the alleged debtor. (*Id.* at 2, 4.) Curiously, the petition also lists aliases for the alleged debtor, including "Queen Naja," "Naja Zahir El," and "Naja Talibah Bey." (*Id.* at 1.)

On October 5, 2020, the bankruptcy court issued an order to show cause why the petitioner's case "should not be immediately dismissed for failure to comply with the conditions of 11 U.S.C. § 303(b)[.]" (Doc. 8, p. 5.) Two days later, on October 7, 2020, the petitioner, through Naja, filed a motion to amend the petition to add two additional petitioning creditors, Royal Heirs Bank & Trust and the Naja Talibah Zahir Trust. (*Id.* at 10−11.) On October 19, 2020, the United States Trustee filed a motion to dismiss the petition, noting that the petitioners, "as either a trust or a private bank," are artificial entities which may "only appear in bankruptcy court through counsel." (*Id.* at 14−15.) The Trustee also noted that "the improper filing of a pro se case by an artificial entity is a nullity which cannot be cured by the subsequent appearance of counsel for the entity." (*Id.* at 16.) On October 23, 2020, the petitioners filed an answer to the motion to dismiss, arguing

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

that the Trustee's motion should be stricken from the record, but otherwise providing no substantive response. (*Id.* at 27.)

On October 27, 2020, the bankruptcy court held a hearing, during which the petitioners failed to appear via licensed counsel or to show cause why the petition should not be dismissed. (Doc. 33.) The bankruptcy court also established that the petitioners, Royal Heirs Family Trust, Royal Heirs Bank & Trust, and Naja Talibah Zahir Trust, are in fact private trusts. (*Id.* at 6, 11, 17, 43.) Moreover, the bankruptcy court found that these private trusts were represented only by "attorney-in-fact," trustee, and alleged beneficiary, Queen Naja, an individual unlicensed to practice law in the Commonwealth of Pennsylvania or in the Middle District. (*Id.* at 10, 15, 17–18, 43.)

Thereafter, on October 29, 2020, the bankruptcy court issued an order granting the motion to dismiss the petition with prejudice, holding that the petitioner "is barred from filing any new petitions in the United States Bankruptcy Court for the Middle District of Pennsylvania unless represented by counsel licensed to practice in this Court." (Doc. 8, p. 38.) On November 2, 2020, Naja filed a notice of appeal of this order, arguing that petitioners should have been afforded the opportunity to cure the defect and seek licensed counsel, that the bankruptcy court "showed bad faith" by proceeding with the hearing without

affording petitioners the opportunity to seek licensed counsel, and that the bankruptcy court should have reached the merits of the petition.  (Doc. 1.)

Shortly after the notice of appeal was filed, Naja filed two motions: a motion for default judgment and a motion to strike appearance which requested, inter alia, that this court reach the merits of the underlying bankruptcy case.  (Docs. 2, 3.)  Naja has continued to file motions seeking similar relief.  Indeed, a total of fourteen motions are currently pending in this appeal.  (Docs. 2, 3, 15, 16, 17, 21, 22, 23, 24, 25, 26, 30, 32, 35.)  However, because Naja has not filed a brief in support of any of these motions as required by Local Rule 7.5, the court deems these motions withdrawn and will not address them further.

On December 1, 2020, both parties filed copies of the designated record from the bankruptcy court.  (Docs. 7, 8.)  Thereafter, on December 2, 2020, the court issued an order setting a briefing schedule for the appeal in this case in which the court noted that all briefs must comply with Federal Rules of Bankruptcy Procedure 8014, 8015, and 8018.  (Doc. 9.)  Naja filed a brief in support of the appeal on December 7, 2020.  (Doc. 11.)  The Trustee timely filed its brief on January 6, 2021.  (Doc. 29.)  Finally, the transcript of the October 27, 2020 bankruptcy court hearing was transmitted on January 12, 2021.  (Doc. 33.)  Thus, the appeal is ripe for disposition.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts.

## STANDARD OF REVIEW

The court reviews bankruptcy court decisions of law de novo. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *In re O'Brien*, 188 F.3d at 122.

## DISCUSSION

In this case, Naja argues that her appeal should be granted because: (1) petitioners should have been afforded the opportunity to cure the defect and seek licensed counsel; and (2) the bankruptcy court "showed bad faith" by proceeding with the hearing without affording petitioners the opportunity to seek licensed counsel.[3]  (Doc. 1.)  The Trustee asserts that Naja has forfeited these issues

---

[3] Naja also argues that "the court must rule on relief to the Petitioner for the undisputed debt." (Doc. 1, p. 4.)  The court, sitting as an appellate court in this case, does not have the ability to grant this requested relief.  The substance of Naja's underlying bankruptcy case was untested and

5

because Naja has failed to include any argument, authority, or citations to the record in support of these issues as required by Federal Rule of Bankruptcy Procedure 8014(a)(8), and therefore, the sole question on appeal is "whether the bankruptcy court abused its discretion by dismissing [petitioners' bankruptcy case] for cause under 11 U.S.C. § 707(a), with a bar on subsequent filings by the Petitioning Creditors unless they are represented by licensed counsel." (Doc. 29, pp. 12–13.) In addition, the Trustee posits that the appeal should be dismissed for failure to appeal the artificial entities' interests through licensed counsel and because there is evidence that Naja filed the involuntary petition in bad faith.[4] (*Id.* at 25–26.) In the alternative, the Trustee claims that the bankruptcy court's order should be affirmed because the record supports the dismissal of the petition under 11 U.S.C. § 707(a) for Naja's failure to appear through licensed counsel. (*Id.*)

As an initial matter, the court notes that the Trustee is correct that Naja has failed to comply with Federal Rule of Bankruptcy Procedure 8014(a)(8) as required by the federal rules and this court in its December 2, 2020 scheduling

---

unaddressed because of a fundamental procedural flaw—the petitioners' failure to file the petition through licensed counsel—which required dismissal of the petition. The court cannot now reach the merits of this procedurally defunct bankruptcy petition. Many of Naja's motions requested the same relief. Thus, even if the court did not deem the motions withdrawn, the requested relief could not be granted.

[4] The court notes that of the fourteen motions presently pending on the docket, a motion to dismiss is not one of them. Therefore, while the court notes that the Trustee's brief presents a veritable smorgasbord of dismissal options for this appeal, the court will not address these arguments because the court has not been presented with a motion to dismiss this appeal.

order, wherein it stated that "Appellant shall file a brief in support of the appeal on or before December 31, 2020 in compliance with Federal Rules of Bankruptcy Procedure 8014, 8015, and 8018."  (Doc. 9.)  Ordinarily, if this were a counseled appeal, the court would decline to address these issues as abandoned.  However, out of an abundance of caution, and noting Naja's status as a self-represented litigant, the court will address the arguments.

Turning to the merits of the appeal, it is well established that artificial entities, including trusts, "may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also Van De Berg v. Comm'r*, 175 F. App'x 539, 541 (3d Cir. 2006).  It is undisputed that during the hearing on October 27, 2020, the bankruptcy court established that petitioners Royal Heirs Family Trust, Royal Heirs Bank & Trust, and the Naja Talibah Zahir Trust were indeed trusts.  It was further established that these trusts were not represented by licensed counsel at any point during the life of the bankruptcy case.  Despite being on notice that licensed counsel was required based on the show cause order, the Trustee's motion to dismiss, and the bankruptcy court hearing, Naja never made any attempt to secure licensed counsel, never notified the bankruptcy court that she intended to seek licensed counsel, and never requested a continuance so that she could seek licensed counsel on behalf of these trusts.  Moreover, Naja never objected to the bankruptcy court proceeding with the

October 27, 2020 hearing without affording her the opportunity to seek licensed counsel on behalf of the trusts.[5] Because Naja never made these requests of the bankruptcy court prior to filing her appeal, the court considers these issues waived.

The bankruptcy court found that this procedural deficiency served as sufficient grounds for dismissal pursuant to 11 U.S.C. § 707(a). The court finds no error with this determination, noting from the Trustee's brief and the bankruptcy court hearing transcript that other courts have taken similar action. *See, e.g.*, *In re Castella Imports, Inc.*, No. 8-20-71868, 2020 WL 2121259, at *2 (E.D.N.Y. May 1, 2020) (dismissing involuntary chapter 7 case filed by artificial entities not represented by licensed counsel); *In re Abbington Partners, LLC*, No. 14-80681, 2014 WL 3735736, at *2 (M.D.N.C. Jul. 18, 2014) ("Lack of legal representation is grounds alone to dismiss a bankruptcy case brought by a corporation in federal court."); *In re Poconos Land, LLC*, 343 B.R. 108, 113 (M.D. Pa. 2005) (dismissing chapter 11 cases filed by artificial entities not represented by licensed counsel); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (N.D. Ohio 2001)

---

[5] Based on the Trustee's motion to dismiss before the bankruptcy court, the court has doubts that Naja could have cured this defect with the petition. (*See* Doc. 8, p. 16 (citing *In re: Mann Realty Associates, Inc.*, No. 1:17-bk-00080-RNO (M.D. Pa. Mar. 2, 2017) (granting the Trustee's motion to dismiss a pro se bankruptcy proceeding filed by an artificial entity despite the subsequent appearance of counsel for the debtor); *In re: Poconos Land, LLC*, 343 B.R. 108, 113 (M.D. Pa 2005) (dismissing a bankruptcy case filed by a pro se artificial entity as "null and void"); *In re: Global Construction & Supply, Inc.*, 126 B.R. 573, 575 (E.D. Mo. 1991) (dismissing a bankruptcy proceeding which was filed by a pro se corporate debtor finding that the subsequent entry of appearance by an attorney for the corporate debtor did not cure the impermissible filing)).)

(dismissing chapter 7 case filed by limited liability company not represented by licensed counsel).

Moreover, the court finds that the limiting language contained within the bankruptcy court's October 29, 2020 order, which prevents petitioners from filing any new petitions absent representation from licensed counsel, wholly appropriate in this case.  The court notes that petitioners, through Naja, have filed a series of involuntary bankruptcy petitions against a number of individuals and entities, some of whom have required protective orders to avoid the negative credit implications that accompany involuntary bankruptcy filings.  *See Royal Heirs Bank & Trust v. Commonwealth Bankr. Appeal*, No. 1:20-cv-1841; *Royal Heirs Bank & Trust v. Md. et al.*, No. 1:20-cv-1843; *In re: Queen Naja Bankr. Appeal*, No. 1:20-cv-2028; *In re: Queen Naja Bankr. Appeal*, 1:20-cv-2037.  As a result of these cases and appeals, significant effort and resources have been expended, which could have been avoided had petitioners filed their petitions with the assistance of licensed counsel.  Thus, in the future, it is appropriate to ensure that these entities obtain licensed counsel.

## CONCLUSION

For the foregoing reasons, Appellant's appeal will be denied. (Doc. 1.) An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: March 8, 2021